LAW OFFICE OF JILLIAN T. WEISS, P.C.
ATTORNEY AT LAW
242 MAIN STREET, NO. 304
BEACON, NEW YORK 12508
------------
(845) 709-3237
FAX: (845) 684-0160
jweiss@jtweisslaw.com
INCORPORATED IN NEW YORK
Admitted New York and New Jersey Only

BROOKLYN, NY OFFICE
348 4TH AVENUE, NO. 1144
BROOKLYN, NEW YORK 11215
(845) 709-3237

September 27, 2024

Hon. Valerie Figueredo
United States District Court
500 Pearl Street
New York, NY 10007

**Re:** **Plaintiff's Response to Defendant's Letter to the Court [Dkt 38], and Letter Cross-Motion to Amend the Scheduling Order or, in the alternative, to Compel 30(b)(6) Deposition Coombe v. Muse Management, Inc., et al., No. 1:23-cv-10994-VF**

Dear Judge Figueredo:

Plaintiff Frances Coombe would like to alert the Court of significant facts not referenced in Defendant's letter filed yesterday. After conferring with Defendant by telephone last week, Plaintiff seeks to amend the Scheduling Order [Dkt 24] to extend the fact discovery period to November 30, 2024 from its current October 7 date. Defendant has no objection to amending the Scheduling Order. .

The Court has scheduled an October 29 conference on the topic of the 30(b)(6) deposition. [Dkt 38] Absent a change to the Scheduling Order, and depending upon the circumstances, Plaintiff may or may not have good cause as required by Fed. R. Civ. P. 16 to ask the Court to allow the deposition after the fact discovery deadline now scheduled for October 7. In the alternative, Plaintiff respectfully requests that the Court compel the noticed 30(b)(6) deposition as scheduled for October 3, 2024, subject to being stricken after discussions with the Court regarding relevance and other issues raised by Defendant.

Should the Court decide at the October 29 conference to allow the deposition, the parties will need to find a suitable date during a period close to the holidays. To accommodate this, Plaintiff requests that the scheduling order be amended to allow fact discovery until November 30, 2024. Defendant has no objection to amending the Scheduling Order.

Defendant's letter of yesterday argues that it would be duplicative to produce Mr. Kennedy, since he is the CEO of Muse and would likely be produced to provide information. The rule is intended to "curb the bandying by which officers or managing agents of a corporation are deposed in turn but each disclaims knowledge of facts that are clearly known to persons in the organization." *Trustees of Loc. 854 Pension Fund v. Barrett*, 2024 WL 4026257, at *1 (S.D.N.Y. 2024) (citing Fed. R. Civ. P. 30(b)(6), Advisory Committee's Note to 1970 Amendments, Federal Civil Judicial Procedure and Rules, Rev. Ed. (2024) at 162–163). But Mr. Kennedy himself stated that he was not sure where the contract came from or what it required, and he did not have knowledge of the financial statements of earnings and loans that Mr. Coombe received. He stated that, with regard to loans and payments, the information would have to come from the organization's finance department. See Exhibit A, Deposition of Conor Kennedy (149:23 and 172:7). The contract referenced in the 30(b)(6) notice is the

one that Defendant cites to demonstrate that Muse hired Mr. Coombe as an independent contractor, and that Muse had the power to undertake all financial transactions on behalf of Plaintiff. Plaintiff's complaint does raise these issues. See Amended Complaint [Dkt 36] ¶ 7 and ¶¶ 73-97 (discussing independent contractor status); ¶ 80 (discussing power of attorney that Muse had Mr. Coombe sign); ¶ 155 (discussing loans and collections) . They have become even more relevant with time.

Defendant's argument that a 30(b)(6) deposition is duplicative is not accord with the facts. Also, producing Mr. Kennedy, who admittedly has no knowledge of these topics, would not be acceptable under Rule 30(b)(6), which requires a person with knowledge of the topics. That would be someone in the finance department.

I note that Defendant has not yet answered Plaintiff's Amended Complaint. Without that, Plaintiff cannot say what other issues there may be.

Respectfully,

s/ Jillian T. Weiss
Attorney for Plaintiff Frances Coombe

---

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated:** 9/30/24

The fact discovery period is hereby extended to **November 30, 2024.** The parties' arguments regarding the Rule 30(b)(6) deposition at issue will be considered at the October 29, 2024 conference.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 39.