UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
FRANCES COOMBE,

                        Plaintiff,

           -against-

MUSE MANAGEMENT, INC., et al,

                        Defendants.
-----------------------------------------------------------------X

**23-CV-10994 (VF)**

**OPINION & ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge**

Plaintiff Frances Coombe ("Plaintiff") commenced this action asserting claims of employment discrimination under the Civil Rights Act of 1964 ("Title VII"), the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, et seq., and the New York City Human Rights Law ("NYCHRL"), NYC Administrative Code § 8-101, et seq. See ECF No. 36. Pending before the Court is a motion for summary judgment under Federal Rule of Civil Procedure 56 submitted by Defendant Muse Management, Inc. ("Muse"). ECF No. 60. For the reasons stated herein, the motion for summary judgment is **DENIED**.

## BACKGROUND[1]

Muse is a model management company who represented Plaintiff pursuant to a Management Agreement. ECF No. 73 at ¶ 1. Providing models to clients is part of "Muse's

---

[1] The facts recounted herein are those that were deemed admitted by Plaintiff in Plaintiff's Response to Defendant's Statement of Undisputed Material Facts, as well as those deemed admitted by Defendant in Defendant's Response to Plaintiff's Statement of Additional Material Facts. See ECF Nos. 73, 77. Facts that were disputed have not been included herein. See Maslow v. Bd. of Elections in City of New York, No. 06-CV-3683 (NGG) (SMG), 2008 WL 2185370, at *1 (E.D.N.Y. May 23, 2008), aff'd by, 658 F.3d 291 (2d Cir. 2011) (explaining that "[t]he court will accept as fact only those facts included in the parties' Local Civil Rule 56.1 statements of material fact and supported by citations to the record"). Additionally, Defendant included several purported facts in its Rule 56.1 statement that are not factual allegations and instead amount to improper legal arguments or conclusions. See, e.g., ECF No. 73 at ¶¶ 3, 16-19,

regular business," for which Muse "charges its clients 20% of the gross payable to Muse." ECF No. 77 at ¶ 11. For 12 years, Muse represented Plaintiff as a successful female fashion and runway model. ECF No. 73 at ¶ 4. For their work, Plaintiff received a commission of 80% of their earnings, after Muse had taken a 20% cut. ECF No. 77 at ¶ 10.

On October 15, 2021, Plaintiff informed Muse that they had changed their gender identity and now identified as non-binary. ECF No. 73 at ¶ 5. Plaintiff arranged with Muse to take new digital photographs to rebrand as a model with non-binary gender expression. Id. at ¶ 6. Earnest Williams, Director of the "Men's Board" at Muse, used photos of Plaintiff taken in October 2021 to send to clients and placed them on Muse's website to promote Plaintiff for future jobs. Id. at ¶¶ 6, 9, 11; ECF No. 77 at 15.

Around February 11, 2022, Plaintiff began taking exogenous testosterone hormones and told Muse's principal, Conor Kennedy that he now identified with male pronouns. ECF No. 73 at ¶ 7. On July 7, 2022, Plaintiff met with Muse to discuss working as a male model. Id. at ¶ 8. Williams misgendered Plaintiff by calling him "she" and "girl." Id. at ¶ 11.

---

24-25. Such statements have not been considered by the Court. See Williams v. A Team Sec., Inc., No. 20-CV-1568 (LDH) (VMS), 2023 WL 2742247, at *1 n.1 (E.D.N.Y. Mar. 31, 2023) (noting that "the Court does not consider arguments and legal conclusions contained in the parties' 56.1 statements"); Rodriguez v. Schneider, No. 95-CV-4083 (RPP), 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999), aff'd by, 56 F. App'x 27 (2d Cir. 2003) ("*Rule 56.1 statements are not argument*. They should contain factual assertions, with citation to the record. They should not contain conclusions[.]") (emphasis in original). Finally, Defendant included various excerpts of deposition testimony in its memorandum of law. But the deposition testimony cited was not included as a purported undisputed fact in Defendant's Rule 56.1 statement, so as to give Plaintiff an opportunity to admit or deny the fact. As such, any factual allegation not included in the Rule 56.1 statement and deemed admitted by Plaintiff have not been considered by the Court. See McCall v. Genpak, LLC, No. 13-CV-1947 (KMK), 2015 WL 5730352, at *13 (S.D.N.Y. Sept. 30, 2015) (quoting Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001)) ("[T]he Second Circuit has been clear that a district court 'is not required to consider what the parties fail to point out in their Local Rule 56.1 statements.'"); Valentine v. HNTB Corp., No. 21-CV-4616 (JPC), 2023 WL 2752121, at *1 n.1 (S.D.N.Y. Mar. 31, 2023) (noting that "the Court does not consider evidence not presented in the parties' 56.1 statements").

Williams initially did not place Plaintiff on Muse's Men's Board, which appears on the company's website, informing Plaintiff that he "need[ed] the right images of" Plaintiff. Id. at ¶ 12. Kennedy told Plaintiff, "You can't expect us to put you on the website right away, because you have no pictures." Id. at ¶ 13. Kennedy also told Plaintiff that Williams was a "senior agent," and if "he feels the pictures aren't good enough, then he won't put you on the site." Id. at ¶ 14. On January 22, 2022, Plaintiff hired his own photographer to take photographs appropriate for posting on Muse's Men's Board. ECF No. 77 at ¶ 16. Plaintiff provided these photographs to Kennedy and Williams. Id. On February 13, 2022, Plaintiff provided additional similar photographs to Muse. Id. at ¶ 17.

On June 17, 2022, Plaintiff sent an e-mail to Williams and Kennedy, about beginning to work as a male model, asking to meet with the men's agent, and asking to be put on Muse's website. Id. at ¶ 21. Plaintiff received no reply to his e-mail, and on July 2, 2022, he sent a follow up e-mail. Id. at ¶ 22.

On July 15, 2022, Plaintiff asked Williams about "the progress regarding modeling on the men's board." Id. at ¶ 28. On July 15, 2022, Kennedy told Plaintiff, "You can't expect us to put you on the website right away, because you have no pictures." Id. at ¶ 31.

After Plaintiff began to transition, his "bookings" fell about 75%. Id. at ¶ 41. Plaintiff spoke to a client who said they wanted him for a project. Id. at ¶ 38.

Plaintiff submitted a written complaint to Muse and Kennedy on March 28, 2023. Id. at ¶ 42. In that complaint, Plaintiff stated that he would resign because his work had been affected by his gender transition. Id. at ¶¶ 42-43.

As Plaintiff's manager, Muse took "all reasonable steps" to collect amounts due to Plaintiff from Plaintiff's clients. ECF No. 73 at ¶ 2. If a client does not pay an invoice on time,

3

Muse follows up and may take legal action if necessary. Id. at ¶ 21. The "Lab job" remains unpaid to Muse, and Plaintiff also has not been paid for his work on that job. Id. at ¶ 22.

Plaintiff ultimately resigned from his representation with Muse. Id. at ¶ 15.

On December 19, 2023, Plaintiff commenced the instant action (ECF No. 1), and Plaintiff filed an amended complaint on August 14, 2024 (ECF No. 36). Plaintiff asserts nine claims against Defendant: violation of Title VII for unlawful discrimination based on sex (Count I); violation of the NYSHRL (Count II) and NYCHRL (Count III) for unlawful discrimination motivated by gender identity; unlawful retaliation in violation of Title VII (Count IV), the NYSHRL (Count V), and the NYCHRL (Count VI); violation of New York Labor Law ("NYLL") § 193 for unlawful deductions from wages (Count VII) and unpaid wages (Count VIII); and violation of NYLL § 191-D, NYLL § 195, and NYC Administrative Code § 8-134 for failure to provide required notices (Count IX). ECF No. 36 at ¶¶ 98-161.

On September 2, 2025, Defendant moved for summary judgment. ECF Nos. 60-63. Two days later, on September 4, 2025, Defendant filed an additional declaration in support of its motion. ECF No. 64. Plaintiff opposed the motion on October 1, 2025. ECF Nos. 71-74. Defendant filed a reply brief in further support of the motion on October 21, 2025. ECF Nos. 76-77.

**LEGAL STANDARD**

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Bronzini v. Classic Sec., LLC, 558 F. App'x 89, 89 (2d Cir. 2014); Kwan v. Andalex Grp. LLC, 737 F.3d 834, 843 (2d Cir. 2013); Redd v. N.Y. Div. of Parole, 678 F.3d 166, 174 (2d Cir. 2012). The role of the court is not

4

"to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Redd, 678 F.3d at 174 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." Id. The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000).

## DISCUSSION

Plaintiff asserts a claim under Title VII which prohibits an "employer" from "fail[ing] or refus[ing] to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Defendant argues that Plaintiff's Title VII claim fails because Plaintiff was an independent contractor. ECF No. 61 at 5-10.[2] To be sure, "the existence of an employer-employee relationship is a primary element of Title VII claims." Felder v. United States Tennis Ass'n, 27 F.4th 834, 842 (2d Cir. 2022) (citation omitted); see also Eisenberg v. Advance Relocation & Storage, Inc., 237 F.3d 111, 113 (2d Cir. 2000) (noting that Title VII covers employees and not independent contractors). But here, the parties have not pointed to sufficient facts concerning the relevant

---

[2] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the original pagination in those documents.

factors for the Court to determine, on a motion for summary judgment, whether an employer-employee relationship existed for purposes of application of Title VII.

"The common law of agency governs the meaning of 'employer' and 'employee' in Title VII." Felder, 27 F.4th at 843. A court applies "a set of non-exhaustive factors" identified by the Supreme Court in Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989), that "may indicate the existence of an employer-employee relationship under the common law." Id. The Reid factors include:

> [T]he hiring party's right to control the manner and means by which the product is accomplished . . . . [;] the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in the business; the provision of employee benefits; and the tax treatment of the hired party.

Id. At bottom, the Reid factors are aimed at determining how much control the alleged employer exerted over the alleged employee. See id. at 843-44.

Defendant argues that Plaintiff was an independent contractor because the Management Agreement between Plaintiff and Muse "expressly define[d]" Plaintiff as an independent contractor. ECF No. 61 at 7. Whether or not Muse labeled Plaintiff an independent contractor, however, is not "determinative of employment status." See Ward v. Cohen Media Publications LLC, No. 22-CV-6431 (JLR), 2023 WL 5353342, at *6 (S.D.N.Y. Aug. 21, 2023); Legeno v. Corcoran Grp., 308 F. App'x 495, 497 (2d Cir. 2009) (noting that an "Independent Contractors Agreement" did not necessarily establish an independent contractor relationship where other Reid factors demonstrated an employee relationship).

6

Defendant also argues that Plaintiff was an independent contractor, in part, because he was not on Muse's payroll, was under the client's control at a job site, Plaintiff set his own schedule, and Plaintiff could accept or decline bookings. ECF No. 61 at 7; ECF No. 76 at 4-5. But these are all facts that Plaintiff disputes. They are not undisputed as would be necessary for the Court to rule on summary judgment. In short, determining whether an individual is an employee or independent contractor is a "fact-intensive inquiry" dependent on a variety of factors. Baskett v. Autonomous Rsch. LLP, No. 17-CV-9237 (VSB), 2018 WL 4757962, at *5 (S.D.N.Y. Sept. 28, 2018) (internal quotation marks and citation omitted). Here, many of the relevant factors are not addressed by either party in their respective Rule 56.1 statement of material facts. Further, even those factors that are addressed in the Rule 56.1 statements, are disputed and thus cannot be relied on in deciding a motion for summary judgment.

Defendant's argument concerning the merits of Plaintiff's discrimination claims fares no better. Defendant argues that Plaintiff cannot establish a prima facie case of employment discrimination under Title VII, the NYSHRL, or the NYCHRL. ECF No. 61 at 10. Specifically, Defendant focuses on Plaintiff's claim that Muse failed to promote Plaintiff as a male model, after Plaintiff's transition, and argues that Muse continued to "actively promote" Plaintiff. Id. at 10-14. But, here, too Defendant does not point to any undisputed facts to support its argument that Muse promoted Plaintiff as a male model. Defendant's Rule 56.1 statement contains no facts about what Muse did or did not do to promote Plaintiff as a male model. See ECF No. 63. Instead, Defendant cites deposition testimony from Kennedy, Plaintiff, and Williams in its memorandum of law. ECF No. 61 at 11-14; ECF No. 76 at 7-8. That testimony, however, is not included in the Rule 56.1 statement as an undisputed material fact. And, in any case, Plaintiff disputes some of the deposition testimony in his own memorandum of law. See ECF No. 71 at 8

n.1. In short, Defendant fails to point to any undisputed fact, upon which the Court can rely on at this stage, to support its argument that Plaintiff has failed to adduce sufficient evidence to establish a prima facie case of discrimination under the federal, state, and city laws.

Turning to Plaintiff's retaliation claims, Defendant argues that Plaintiff's claims fail because there was no adverse employment action. But to the extent Defendant states in its Rule 56.1 statement of facts that Muse "did not drop" Plaintiff—presumably referring to termination of Plaintiff—Plaintiff disputes that he was not "dropped." See ECF No. 73 at ¶ 15. Regardless, Plaintiff admits that he resigned from Muse (id.) but argues that it was a constructive discharge (ECF No. 71 at 9-10; see also ECF No. 36 at ¶¶ 6, 103, 108, 121, 127, 133). "A constructive discharge is 'functionally the same as an actual termination' and therefore is considered an adverse employment action." Campbell v. New York City Transit Auth., 93 F. Supp. 3d 148, 170 (E.D.N.Y. 2015) (quoting Pa. State Police v. Suders, 542 U.S. 129, 148 (2004)). Thus, whether or not Plaintiff's resignation was "voluntary," as Defendant claims, is also a question of fact. See ECF No. 61 at 16; ECF No. 76 at 3. Likewise, Defendant argues that the conditions of Plaintiff's employment were not so intolerable to support a claim of constructive discharge (ECF No. 76 at 10), but this argument fails because to the extent Defendant argues that Plaintiff was "promoted" and "booked" for modeling jobs, Plaintiff disputes this fact, and there are no other facts in either party's respective Rule 56.1 statement concerning the "conditions" of Plaintiff's employment. The Court thus cannot conclude, on the evidence relied on by the parties, that there is no genuine issue of material fact as to whether Plaintiff voluntarily resigned or was constructively discharged for purposes of his retaliation claims in Counts IV, V, and VI.

Finally, Defendant argues that Plaintiff's NYLL claims in Counts VII and VIII fail as a matter of law. In Count VII, Plaintiff asserts a claim for violation of NYLL § 193 for unlawful

deductions, and in Count VIII, Plaintiff asserts a claim for unpaid wages. ECF No. 61 at 17; ECF No. 36 at ¶¶ 138-157. Defendant argues that it took "a contractual commission only from paid bookings" and that there is "no evidence of deductions for expenses unrelated to Plaintiff's own promotion or work." ECF No. 61 at 17. But there are no undisputed facts in the Rule 56.1 statements concerning these claims. There are no undisputed facts as to the deductions taken by Defendant. Other than a lone statement that Plaintiff was not paid for the "Lab job" (see ECF No. 73 at ¶ 22), there are no undisputed facts about any wages paid to Plaintiff. All that is provided by the parties is a statement that Plaintiff was paid by receiving a commission of 80% of his earnings after Muse took a 20% cut. ECF No. 77 at ¶ 10. But there are no undisputed facts as to the nature or amount of deductions taken by Muse. And even as to the "Lab job," there are no facts about the amount Plaintiff was to be paid for that work or is allegedly owed for that work.

As the party seeking summary judgment, it is Defendant's burden to identify the material undisputed facts that support a conclusion that Plaintiff's claims fail as a matter of law. See Applied Energetics, Inc. v. Gusrae Kaplan Nusbaum PLLC, No. 21-CV-382 (VF), 2025 WL 2662330, at *6 (S.D.N.Y. Sept. 17, 2025) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) ("The moving party bears the initial burden of demonstrating an entitlement to judgment as a matter of law and identifying the matter or matters that 'it believes demonstrate the absence of a genuine issue of material fact.'"); Jones v. Experian Info. Sols., Inc., 982 F. Supp. 2d 268, 274 (S.D.N.Y. 2013) (denying summary judgment where defendant "ha[d] not carried its burden, as the party moving for summary judgment, to show that there are no genuine issues of material facts or that it is entitled to judgment as a matter of law"). Defendant has not done that here and thus summary judgment is not warranted.

## **CONCLUSION**

Accordingly, Defendant's motion for summary judgment is **DENIED**. The Clerk of Court

is respectfully directed to terminate the motion at ECF No. 60.

**SO ORDERED.**

DATED:      New York, New York
            June 8, 2026

_____
VALERIE FIGUEREDO
United States Magistrate Judge