**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
FRANCES COOMBE,

Plaintiff,

-against-

MUSE MANAGEMENT, INC., et al,

Defendants.
---------------------------------------------------------------X

**23-CV-10994 (VF)**

**<u>ORDER</u>**

**VALERIE FIGUEREDO, United States Magistrate Judge**

On July 8, 2026, Defendant Muse Management filed a motion to certify an interlocutory appeal. ECF No. 82. Plaintiff opposed the motion on July 9, 2026. ECF No. 83. The requirements for certifying an interlocutory appeal to the Circuit are set forth in 28 U.S.C. § 1292(b). "District courts retain unfettered discretion to deny certification of an interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." <u>Smith v. Meta Platforms, Inc.</u>, No. 24-CV-4633 (JPC), 2026 WL 1002418, at *2 (S.D.N.Y. Apr. 14, 2026). "[O]nly exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." <u>Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria</u>, 921 F.2d 21, 25 (2d Cir. 1990) (internal quotation marks omitted). Even assuming that Defendant has established the requirements in § 1292(b), Defendant has not demonstrated that exceptional circumstances justify departing from the basic policy that appellate review should be deferred until after the entry of a final judgment. Moreover, at least one discretionary factor weighs in favor of denying Defendant leave to file an interlocutory appeal. This is a straightforward employment discrimination case involving a single plaintiff and two defendants. The case is trial ready and on July 1, the Court issued the final pretrial order, setting forth the relevant deadlines

prior to trial. See ECF No. 80. It is safe to assume that the appeal process will likely take longer than completion of the trial in this case and thus an interlocutory appeal would only prolong resolution of Plaintiff's claims. Accordingly, because there are no exceptional circumstances that justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment, the Court declines to exercise its discretion to permit an interlocutory appeal.

The parties are hereby notified that a trial in this case will commence on **November 17, 2026**. The parties are directed to refer to the final pretrial order at ECF No. 80 for the relevant deadlines for motions in limine and other pretrial filings. The final pretrial conference in this case is scheduled for **November 2, 2026**. See ECF No. 80 at 2.

The Clerk of Court is directed to terminate the gavels at ECF Nos. 79 and 81.

**SO ORDERED.**

DATED: New York, New York
August 18, 2026

VALERIE FIGUEREDO
United States Magistrate Judge